IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WENDY S. FIERO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No 8:12-CV-346 |
| | ) |
| CSG SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

**STIPULATED PROTECTIVE ORDER**

In accordance with the parties' Joint Motion for Protective Order (filing 20),

**IT IS HEREBY ORDERED as follows:**

1. **Facts Establishing Good Cause and "Confidential Information," Defined.** Plaintiff brings this lawsuit containing two counts: (1) gender discrimination and (2) retaliation, against Defendant CSG SYSTEMS, INC. Defendant denies Plaintiff's allegations. It is anticipated that non-public confidential financial, educational, medical and/or personnel information about Plaintiff, as well as non-public confidential financial, educational, medical and/or personnel information about current and/or former employees of Defendant, and non-public confidential information regarding the policies, practices, procedures, training, performance, finances, taxes, compensation data, employee personnel information, clients, business strategies, and operation of Defendant may be requested through discovery (hereafter, "Confidential Information"). The parties recognize that the public disclosure of such Confidential Information may cause injury to Plaintiff and Defendant, and the release of Confidential Information may affect the privacy of Plaintiff, the Defendant, and/or current or former employees of Defendant who are not parties to this Action. This Order protects Plaintiff

and Defendant and prohibits the public release of Confidential Information, while allowing the parties access to information each seeks to discover and minimizing any potential harmful effects on either the parties or non-parties. The Court finds that the parties properly seek to protect such Confidential Information as well as to protect all parties and non-parties from any annoyance or embarrassment that unrestricted disclosure may potentially cause.

2. **Limited Use of Confidential Information.** "Confidential Information," as defined above in paragraph 1, shall be used by the parties only for purposes of preparing for and conducting the Action (including the trial and any appeals) styled *Fiero v. CSG Systems, Inc.*, Case No. 8:12-CV-346 (hereinafter the "Action").

3. **Designating Information As Confidential.** Any party to this Action may designate information as "Confidential Information" consistent with the above definition by affixing the legend "Confidential" to every page of the document so designated or otherwise affixing such legend in a readily visible location on any other item so designated. In the event that Confidential Information is produced without a "Confidential" designation, any party may seek to have it designated as "Confidential" by advising the other party of the same within thirty (30) days. With respect to Confidential Information contained in testimony, any party may designate portions of testimony as "Confidential" by notifying all counsel in writing of the page(s) and line(s) of such testimony within thirty (30) days of receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties. All testimony shall be deemed confidential for a period of thirty (30) days after counsel's receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties. There shall be no need to re-designate documents used in or exhibits to transcripts which have been previously designated as confidential.

4. **Disputes Concerning Designation(s) Of Confidential Information.** If any party disputes the designation of any information, document, or testimony as "Confidential," that party shall attempt to resolve by agreement the question of whether or on what terms the information is entitled to confidential treatment. If the parties are unable to agree as to whether the information is properly designated, counsel for either party may file an appropriate motion with the court. The burden rests upon the person asserting "Confidential" status to demonstrate that the designation is proper. Until a resolution of the dispute is achieved either through consent or order of the court, all persons shall treat the designated information in accordance with its designation.

5. **Qualified Persons To Whom Confidential Information May Be Disclosed.** Confidential Information may only be disclosed or made available on a need-to-know basis by the party receiving such information to "qualified persons" who are defined to consist of:

   a. The United States District Court for the District of Nebraska, including court personnel and members of the jury;

   b. The parties named in this Action, including the corporate representative(s) of Defendant (including any of its former and/or current officers, directors, employees, or agents);

   c. Counsel to all parties in this Action and the clerical, secretarial, and paralegal staff employed by such counsel;

   d. Court reporters and videographers and related staff employed by such service providers in this Action;

   e. Independent document reproduction services or document recording and retrieval services;

  f. Persons with prior knowledge of the documents or the Confidential Information contained therein;

  g. Retained and/or potential experts, consultants, and/or investigators (including their employees and/or support staff) selected by a party to this Action to assist in the prosecution or defense of this Action;

  h. Interviewees, potential witnesses, deponents, hearing or trial witnesses (as long as the disclosure occurs in the presence of counsel, and copies, duplicates, images, or the like are not removed or retained by any interviewee, potential witness, deponent, or hearing or trial witness); and

  i. Any other person agreed to in writing by the parties.

 6. **Disclosure Of Protective Order To "Qualified Persons."** Each "qualified person" to whom Confidential Information is disclosed pursuant to this Order shall be advised that the Confidential Information is being disclosed pursuant to and subject to the terms of this Order.

 7. **No Admission Or Waiver.** Compliance with the terms of this Order by a party or non-party shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence. Counsel expressly agree that nothing in this Order shall serve to waive the right of any party to object at trial to the admissibility of any document or portion thereof, or the right to file a motion *in limine* regarding the use at trial of any document or portion thereof.

 8. **Depositing Confidential Information With The Court.** Counsel shall not unnecessarily disclose Confidential Information on the public record of this proceeding or in written arguments or memoranda submitted to the Court. However, Counsel shall have the right

to file or deposit with the Court any Confidential Information at any time if such filing or deposit is intended in good faith to support any party's prosecution or defense of this Action, and further subject to the right of any party or its counsel to request the Court place any Confidential Information under seal, either before or after such Confidential Information has been initially filed with the Court.  If any party desires to request any Confidential Information be placed under seal, that party shall file a separate motion seeking such Order from the Court.

9.     **Inadvertent Disclosure of Confidential Information Without Designation.** Subject to the requirements of section 3 of this Stipulated Protective Order, if a party inadvertently produces any Confidential Information without designating it as such in accordance with the provisions of this Order, the producing party may give written notice to the receiving party that the information produced is deemed Confidential Information and should be treated as such in accordance with the provisions of this Order.  The receiving party must treat such information as Confidential Information from the date such notice is received.  Disclosure, prior to the receipt of such notice, of such Confidential Information to persons not authorized to receive such Confidential Information shall not be deemed a violation of this Order; provided, however, that the party making such disclosure shall make all reasonable efforts to notify any party to whom such disclosure was made that such information is Confidential pursuant to this Order.  The parties shall attempt in good faith to retrieve any inadvertently produced Confidential Information from anyone who is not a "qualified person" pursuant to this Order.

10.    **Information Lawfully Acquired Prior To Production In This Action.**  This Order shall not be construed to prevent any party or its representatives from using Confidential Information in any way which was lawfully in its or his possession prior to the production of such documents or information in this Action.

11. **Privileged Information.** Nothing in this Order shall operate to require the production of information or documents that are subject to a good faith assertion of attorney-client privilege and/or work product doctrine, and/or any other applicable privilege.

12. **Storage Of Confidential Information During Pendency Of Action.** Documents and things designated as containing Confidential Information, and any copies or extracts thereof, shall be retained in the custody of the attorneys of record during the pendency of this Action, except as reasonably necessary to provide access to persons authorized under the provisions of this Order.

13. **Storage Of Confidential Information Subsequent To This Action.** Upon the conclusion of this Action by settlement, final judgment, or final order, including all appeals, counsel for any party to this Action shall return any original Confidential Information to the designating party, if requested. However, counsel in this Action may maintain a copy of all Confidential Information as a part of counsel's case files.

14. **Jurisdiction.** The Court's jurisdiction to enforce the provisions of this Protective Order shall be terminated upon the final disposition of this case, unless and until a party seeks leave to reopen the case to enforce the provisions of this Protective Order.

15. **Inadvertent Disclosure or Production of Documents.**

    a. The inadvertent production of any document or other information during discovery in this Action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including, but not limited to, the attorney-client privilege or the work product doctrine, and no party shall be held to have waived any rights by such inadvertent production.

b. Upon written notice of an unintentional production by the producing party or oral notice if notice must be delivered at a deposition, the receiving party must promptly return or destroy the specified document and any hard copies the receiving party has and may not use or disclose the information until the privilege claim has been resolved. To the extent that the producing party insists on the return or destruction of electronic copies, rather than disabling the documents from further use or otherwise rendering them inaccessible to the receiving party, the producing party shall bear the costs of the return or destruction of such electronic copies.

c. To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will sequester such documents until the claim has been resolved. If the receiving party disclosed the specified information before being notified of its inadvertent production, it must take reasonable steps to retrieve it. The producing party shall preserve the specified information until the claim is resolved.

d. The receiving party shall have ten (10) days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the producing party in writing of an objection to the claim of privilege and the grounds for that objection.

e. The producing party will then have ten (10) days from the receipt of the objection notice to submit the specified information to the Court under seal for a determination of the claim and will provide the Court with the grounds for the

asserted privilege or protection. Any party may request expedited treatment of any request for the Court's determination of the claim.

f.  Upon a determination by the Court that the specified information is protected by the applicable privilege, and if the specified information has been sequestered rather than returned or destroyed, the specified information shall be returned or destroyed.

g.  Upon a determination by the Court that the specified information is not protected by the applicable privilege, the producing party shall bear the costs of placing the information into any programs or databases from which it was removed or destroyed and render accessible any documents that were disabled or rendered inaccessible, unless otherwise ordered by the Court.

**IT IS SO ORDERED.**

**DATED April 11, 2013.**

                              **BY THE COURT:**

                              S/ F.A. Gossett
                              **United States Magistrate Judge**